# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DENNIS, Derivatively on Behalf of himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br>JOHN R. HART; RONALD LANGLEY; ROBERT G. DEUSTER; RICHARD D. RUPPERT; JULIE H. SULLIVAN; KRISTINA M. LESLIE; CARLOS C. CAMPBELL; KENNETH J. SLEPICKA; PICO HOLDINGS, INC., Nominal Defendant,<br><br>Defendants, | CASE NO. 11cv2271 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendants John R. Hart, Ronald Langley, Ronald G. Deuster, Richard D. Ruppert, Julie H. Sullivan, Kristina M. Leslie, Carlos C. Campbell, Kenneth J. Slepicka, and Pico Holding, Inc. (ECF No. 6) and the Motion to Remand to State Court filed by Plaintiff Ronald Dennis, suing derivatively. (ECF No. 7).

**I.    Background**

On August 16, 2011, Plaintiff Dennis initiated this shareholder derivative action by

filing a Complaint in the Superior Court of the State of California for the County of San Diego, where it was assigned case number 37-2011-00096377-CU-SL-CTL. (ECF No. 1-4 at 7). On September 30, 2011, Defendants filed a Notice of Removal, removing the case to this Court. (ECF No. 1). Defendants assert that the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because allegations regarding the negative say on pay vote in the Complaint "pose substantial federal questions [and] necessarily arise under federal law." *Id*. at 4.

On October 7, 2011, Defendants filed a Motion to Dismiss. (ECF No. 6). Plaintiff filed an Opposition. (ECF No. 14). Defendants filed a Reply. (ECF No. 16).

On October 13, 2011, Plaintiff filed a Motion to Remand to State Court. (ECF No. 7). Defendants filed an Opposition. (ECF No. 15). Plaintiff filed a Reply. (ECF No. 17).

## II.     Allegations of the Complaint

Plaintiff Ronald Dennis is a shareholder of PICO Holdings, Inc. ("PICO"). (ECF No. 1 at 15 ¶ 13). PICO is a California corporation located in La Jolla, CA. *Id*. at ¶ 14. PICO "is a diversified holding company that seeks to build and operate businesses where significant value can be created from the development of unique assets." *Id*. at ¶ 14. Defendants Hart, Langley, Deuster, Ruppert, Sullivan, Leslie, Campbell, and Slepicka serve on the board of directors for PICO. *Id*. at ¶¶ 15-22.

PICO maintains a "pay-for-performance" policy and filed a proxy statement which stated that PICO's executive compensation program "reward[s executives] for achieving superior growth ...." *Id*. at ¶ 33. PICO's annual revenue declined from $60.35 million in 2008 to $32.17 million in 2010. *Id*. at ¶ 34. PICO's stock performance also declined in 2010. *Id*. at ¶ 36. "Notwithstanding PICO's 2010 results, PICO's executive compensation [for 2010] dramatically inceased[]" to $14, 278,401. *Id*. at ¶ 38. The total compensation for PICO's chief executive officer was increased by 487%. *Id*.

On May 13, 2011, a majority of PICO's shareholders rejected PICO's executive compensation in a "say-on-pay" vote. *Id*. at ¶¶ 41, 42. "Although advisory in nature, the adverse shareholder vote on PICO's 2010 executive compensation is nonetheless evidence that

the 2010 pay hikes were irrational and unreasonable under the circumstances, and were not primarily motivated by a desire to protect PICO's interest." *Id.* at ¶ 43. "In light of the adverse shareholder vote, the presumption of business judgment has been rebutted, and the burden of proof ... now rests with the PICO Board." *Id*.

Plaintiff asserts six claims against Defendants as follows: (1) breach of fiduciary duty; (2) gross mismanagement; (3) contribution and indemnification;(4) abuse of control; (5) waste of corporate assets; and (6) unjust enrichment.  Plaintiff seek relief including damages, injunctive relief, and a "[d]eclaration that the adverse May 13, 2011 advisory shareholder vote on the PICO Board's 2010 executive compensation rebutted the business judgment surrounding the PICO Board's decisions to increase executive compensation in 2010." *Id.* at 37.

### III. Discussion

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Plaintiff seeks declaratory judgment that "the adverse May 13, 2011 advisory shareholder vote on the PICO Board's 2010 executive compensation rebutted the business judgment surrounding the PICO Board's decisions to increase executive compensation in 2010." (ECF No. 1 at 37). Plaintiff alleges: "Although advisory in nature, the adverse shareholder vote on PICO's 2010 executive compensation is nonetheless evidence that the 2010 pay hikes were irrational and unreasonable under the circumstances, and were not primarily motivated by a desire to protect PICO's interest." *Id*. at ¶ 43. "In light of the adverse shareholder vote, the presumption of business judgment has been rebutted, and the burden of proof ... now rests with the PICO Board." *Id*.

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; s*ee also Exxon Shipping Co. v. Airport Depot Diner,* 120 F.3d 166, 168-170 (9th Cir. 1997) ("a declaratory judgment action must serve some purpose in resolving a dispute. If the relief serves no purpose . . . the district court should not grant it."). "The Declaratory Judgment Act does not confer an independent jurisdictional basis." *Smith v. Grimm,* 534 F.2d 1346, 1349 n.5 (9th Cir. 1976).

Section 951 of the Dodd-Frank Wall Street Reform Act provides:

> The shareholder vote referred to in subsections (a) and (b) [outlining the requirements of the say-on-pay vote] shall not be binding on the issuer or the board of directors of an issuer, and may not be construed– (1) as overruling a decision by such issuer or board of directors; (2) to create or imply any change

>to the fiduciary duties of such issuer or board of directors; (3) to create or imply any additional fiduciary duties for such issuer or board of directors; or (4) to restrict or limit the ability of shareholders to make proposals for inclusion in proxy materials related to executive compensation.

15 U.S.C. § 78n-1(c).  "[A] court may not infer a private right of action from a federal statute unless Congress has displayed 'an intent to create not just a private right of action but also a private remedy.'" *Potter v. Hughes*, 546 F.3d 1051, 1064 (9th Cir. 2008) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286-89 (2001)).

The language of the statute expressly states that it "may *not* be construed ... to *create or imply* any *change* to fiduciary duties" nor does it "*create or imply* any additional fiduciary duties." *See* 15 U.S.C. § 78n-1(c) (emphasis added).  The Dodd-Frank Wall Street Reform Act did not change state law regarding fiduciary duty or the business judgment presumption.  The Court concludes that Plaintiff has failed to state a claim for declaratory judgment that "the adverse May 13, 2011 advisory shareholder vote on the PICO Board's 2010 executive compensation rebutted the business judgment surrounding the PICO Board's decisions to increase executive compensation in 2010" pursuant to 15 U.S.C. § 78n-1(c).  The motion to dismiss Plaintiff's request for declaratory judgment is GRANTED.[1]

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a state law claim if:

>(1) the claim raises a novel or complex issue of State law,
>
>(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>(3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[1] The Court does not rule on the motion to dismiss claims one through six.

28 U.S.C. §1367(c). In this case, the Court has dismissed the only claim that purports to assert a violation of a federal law. The remaining claims one through six assert violations of state law and do not confer federal question jurisdiction.

Defendants contend that "resolution of Plaintiff's claim for breach of fiduciary duty requires a determination as to whether, under Dodd-Frank, an adverse say on pay vote should be interpreted or constructed as evidence of a breach of fiduciary duty." (ECF No. 15 at 11).

A state law claim presents a substantial federal question if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). However, even "[t]he invocation of [a federal law] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction" where there is a state law basis for the same element. *See Rains v. Criterion Sys.*, 80 F.3d 339, 345 (9th Cir. 1996). "Because each of [plaintiff's] claims is supported by at least one state law theory of recovery... the complaint does not state a claim 'arising under' [the statute] for purposes of removal jurisdiction." *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996); *see also Rains*, 80 F.3d at 346.

To the extent that Plaintiff seeks to use the negative say on pay vote as evidence that the business judgment presumption was rebutted, resolution of the issue depends on California state law. Federal question jurisdiction does not exist. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9 (1983) (finding that federal question jurisdiction does not exist where "the vindication of a right under state law [does not] necessarily turn on some construction of federal law."). Accordingly, Plaintiff's remaining claims for violation of state law do not necessarily raise a substantial issue of federal law.

The Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendants pursuant to 28 U.S.C. §1367(c). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related

state-law claims once it has dismissed all claims over which it has original jurisdiction."). The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

This case was removed from state court. The removal statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**IV.  Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants John R. Hart, Ronald Langley, Ronald G. Deuster, Richard D. Ruppert, Julie H. Sullivan, Kristina M. Leslie, Carlos C. Campbell, Kenneth J. Slepicka, and Pico Holding, Inc. (ECF No. 6) is GRANTED in part. Plaintiff's claim for declaratory judgment that "the adverse May 13, 2011 advisory shareholder vote on the PICO Board's 2010 executive compensation rebutted the business judgment surrounding the PICO Board's decisions to increase executive compensation in 2010" pursuant to 15 U.S.C. § 78n-1 is DISMISSED. The Motion to Remand to State Court filed by Plaintiff Ronald Dennis, suing derivatively (ECF No. 7) is GRANTED in part. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the California Superior Court for the County of San Diego, where it was originally filed and assigned Case No. 37-2011-00096377-CU-SL-CTL.

DATED: January 6, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge